THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Halcyon Fund I, LLC, Paragon Square LLC, and Paragon Square II, LLC, <br><br>   Plaintiffs, <br> v. <br><br> D. Flint Drake and The Drake Law Firm, P.C., <br><br>   Defendants. | Jury Trial Demanded |

## COMPLAINT

Plaintiffs Halcyon Fund I, LLC, Paragon Square, LLC, and Paragon Square II, LLC bring the following Complaint against Defendants Flint Drake and the Drake Law Firm, P.C.:

### Nature of the Case

1. This is an attorney malpractice Complaint against D. Flint Drake, a Dubuque, Iowa attorney, and his law firm, The Drake Law Firm, P.C., which together negligently, recklessly, and in one or more cases, intentionally, breached their duties of care and loyalty to Plaintiffs. Some of Drake's errors were merely negligent, although still highly damaging to his former clients, such as when he failed to file the required securities exemption form with either the federal Securities and Exchange Commission ("SEC") or the Illinois Securities Department ("ISD"). Other errors, however, were intentional decisions to abandon obligations he had to his former clients, Paragon Square I, Paragon Square II, and Halcyon Fund I, in favor of new clients. In one instance, he assisted a new client commit a fraud against Plaintiffs.

### The Parties

2. Halcyon Fund I ("Halcyon" or "the Fund") is a limited liability corporation created for the purpose of investing in real estate and restaurant development. As an LLC, Halcyon is a

citizen of each state in which its members are citizens, which includes the states of Wisconsin, Illinois, and Tennessee, but does not include any members who are citizens of the state of Iowa.

3. Paragon Square I ("Paragon I") and Paragon Square II ("Paragon II") (collectively, "Paragon I and II") are limited liability corporations created for the multi-use development of certain properties in Dubuque, Iowa. As LLCs, Paragon I and II are citizens of each state in which its members are citizens, which includes the states of Wisconsin, Illinois, and Tennessee, but does not include any members who are citizens of the state of Iowa.

4. Defendant Flint Drake is a resident and citizen of Iowa and a member of the Iowa bar. At all relevant times, Mr. Drake was Halcyon's outside corporate and real estate counsel. Since January 14, 2010, the date Drake caused Halcyon to be incorporated, Drake has also been the registered agent for Halcyon, including through the present day.

5. At all relevant times, Defendant Drake was also Paragon I and II's outside corporate and real estate counsel. Since October 8, 2010, the date he caused Paragon Square to be incorporated, Drake has also been the registered agent for Paragon I and II, including through the present day.

6. Pursuant to the attorney-client relationships set forth in paragraphs 4 and 5, Defendant Drake owed duties of care and loyalty to Halcyon and Paragon I and II.

7. The Drake Law Firm, P.C., is an Iowa professional corporation, with its principal place of business at 300 Main Street, Suite 323, Dubuque, Iowa. On information and belief, the Drake Law Firm is wholly-owned by Defendant Flint Drake. Mr. Drake and the Drake Law Firm will be collectively referred to in this Complaint as "Drake."

**JURISDICTION AND VENUE**

8. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the amount in controversy is greater than $75,000 (exclusive of interest and costs) and the action is between citizens of different states.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**COUNT I**
**Plaintiff Halcyon's Attorney Malpractice Claim Against**
**Defendant Drake For His Failure to File the Required Securities Exemption Forms**

10. Plaintiffs re-allege and incorporate paragraphs 1-9.

11. In his capacity as corporate and securities counsel to the Fund, Defendant Drake agreed to file all necessary corporate and securities filings for the Fund. In January and February 2011, Drake and the Fund's then Co-Managing Member, Mark Hope, who at that time was located in Illinois and more specifically this judicial district (Hope has since moved to Wisconsin), worked together to prepare an exemption form required by the SEC. On February 12, 2011, Drake specifically asked if he should file the required SEC exemption forms, and Hope specifically told him that he should.

12. Defendant Drake failed to file the required SEC exemption form in February 2011 or, for that matter, at any time, thereby breaching his duty of care to the Fund.

13. In addition to failing to file the required SEC exemption form with the SEC, Defendant Drake also failed to file the required SEC exemption form with the ISD at any time. Even though Drake specifically knew at that time, and thereafter, that the Fund would be soliciting investors in Illinois, Drake never investigated whether Halcyon was required to make any

supplemental filing in Illinois. Such supplemental filing was required in Illinois, and Defendant Drake failed to file that supplemental exemption form in Illinois on behalf of the Halcyon Fund.

14. In failing to file the required SEC exemption form with the ISD, Defendant Drake breached his duty of care to the Fund.

15. Defendant Drake's breaches of duty set forth above proximately caused injury to the Fund, most specifically the costs, both monetary and non-monetary, associated with an investigation initiated by the ISD into the securities practices of the Fund, which resulted in, among other aspects of Plaintiffs' damages, the Fund's suspension from offering securities in Illinois for a period of approximately eleven months.

16. Halcyon sustained actual injury, loss, and damages as a proximate result of the breaches set forth in this Count.

## COUNT II
### Plaintiffs' Attorney Malpractice Claim Against Defendant Drake For His Breaches of Duty of Care and Loyalty Related To The Paragon Properties

17. Plaintiffs re-allege and incorporate paragraphs 1-9.

18. As of January 18, 2011, Defendant Drake was legal counsel to Paragon I, Paragon II, and Halcyon (which owned 40% of each of Paragon I and II). On that date, Paragon I purchased the Holy Ghost Church located at 2921 Central Avenue, Dubuque, IA 52001 (the "Church"), and Paragon II purchased the Holy School located at 2887 Central Avenue, Dubuque, IA 52001(the "School"). Defendant Drake performed all of the legal work necessary for these purchases on behalf of Paragon I and II. The Church and the School will be referred to collectively as the "Paragon Properties."

19. In or about December 2012, notwithstanding his duties of care and loyalty to Paragon I and II (as well as to their respective 40% owner, Halcyon), Defendant Drake

incorporated Holy Ghost LLC ("Holy Ghost"), a new Drake client. The purpose of creating Holy Ghost as a legal entity was to effectuate a purported transfer of the Paragon Properties, then owned by Paragon I and II, to Holy Ghost.

20. On January 2, 2013, notwithstanding his duties of care and loyalty to Paragon I and II (as well as to its 40% owner, Halcyon), Drake caused Holy Ghost to file in the records of the City of Dubuque a quitclaim deed which purported to transfer the Paragon Properties to Defendant Holy Ghost. This purported transfer was illegal and improper.

21. On January 18, 2013, Drake informed a representative of Paragon I and II for the first time about the purported transfer of the Paragon Properties from Plaintiff Paragon Square to Holy Ghost.

22. Among other things, the purported quitclaim deed was not authorized by and has never been authorized by Paragon I, or Paragon II, or a disinterested Managing Member of either Paragon I or II.

23. In assisting Holy Ghost improperly purport to acquire the Paragon Properties, Defendant Drake breached his duties of care and loyalty to his former clients, Paragon I, Paragon II, and Halcyon.

24. Defendant Drake's breach of his duties of care and loyalty to his former clients was a proximate cause of the injury that Plaintiffs have suffered as a result of the breach.

25. Plaintiffs sustained actual injury, loss, and damages as a proximate result of the breaches set forth in this Count.

## JURY DEMAND

Plaintiffs demand trial by jury.

WHEREFORE, Plaintiffs respectfully request this Court to enter an Order as follows:

(a) Entering judgment in favor of Plaintiffs on Count I, declaring that Defendants D. Flint Drake and The Drake Law Firm breached their duties of care and loyalty by failing to file the necessary exemption forms in the SEC on behalf of Halcyon, and awarding all damages arising out of this breach of duty to Plaintiff Halcyon.

(b) Entering judgment in favor of Plaintiffs on Count I and declaring that Defendants D. Flint Drake and The Drake Law Firm breached their duties of care and loyalty by failing to file the necessary exemption forms in the Illinois Securities Department on behalf of Halcyon; and , and awarding all damages arising out of this breach of duty to Plaintiff Halcyon.

(c) Entering judgment in favor of Plaintiffs on Count II and declaring that Defendants D. Flint Drake and The Drake Law Firm breached their duties of care and loyalty by assisting a new client, Holy Ghost LLC, to illegally and improperly obtain the Paragon Properties from Paragon I and II, , and awarding all damages arising out of this breach of duty to Plaintiffs Paragon I and II.

(d) All attorneys' fees and costs as are compensable; and

(e) Such further relief as the Court deems appropriate.

Dated: January 17, 2014

Respectfully submitted,

/s/ Stuart J. Chanen
Stuart J. Chanen
Margot Klein
Valorem Law Group LLC
35 East Wacker Drive, Suite 3000
Chicago, IL 60601
(312) 676-5480
stuart.chanen@valoremlaw.com
margot.klein@valoremlaw.com